UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARION ROSE LEONE,<br><br>        Plaintiff,<br><br>vs.<br><br>CHATTEM, INC., RITE-AID OF PENNSYLVANIA, INC., THOMPSON MEDICAL COMPANY, INC. AND THE DELACO COMPANY,<br><br>        Defendants. | CIVIL ACTION<br><br>NO. |

## NOTICE OF REMOVAL

Defendants Chattem, Inc. ("Chattem") and The Delaco Company, successor by merger to Thompson Medical Company, Inc. ("Delaco") (collectively, "Defendants"), by their undersigned attorneys, file this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, removing the above-captioned case from the Court of Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania. The grounds for removal are as follows:

## HISTORY OF CASE

1. This action was commenced by Marion Rose Leone ("Plaintiff") on or about April 30, 2002 by Short Form Complaint filed in the Court of Common Pleas of Philadelphia County, Pennsylvania. The case was docketed in the Philadelphia Court of Common Pleas as follows: April Term, 2002, No. 004641. A true and correct copy of the Short Form Complaint is attached hereto as Exhibit "A."

2. This action is part of a mass tort program in the Philadelphia County Court of Common Pleas that was commenced on September 4, 2001. The mass tort program was

docketed in the Philadelphia Court of Common Pleas as follows: *In re: Phenylpropanolamine ("PPA") Litigation*, September Term, 2001, No. 00001. The plaintiffs in the mass tort program filed a Third Amended General Master Long-Form Complaint on March 25, 2002. A true and correct copy of the Third Amended General Master Long-Form Complaint is attached hereto as Exhibit "B."

3.      The Court in the mass tort program entered Case Management Order No. 1 ("CMO No. 1") on November 2, 2001. A true and correct copy of CMO No. 1 is attached hereto as Exhibit "C." Pursuant to CMO No. 1, "an entry of appearance shall constitute a denial of all allegations in the Short Form Complaint and an assertion of all affirmative defenses." CMO No. 1, ¶¶ B(10), C(8).

4.      On May 24, 2002, counsel for Defendants entered an appearance on behalf of Defendants. A true and correct copy of the Entry of Appearance is attached hereto as Exhibit "D."

## THIS REMOVAL NOTICE IS TIMELY

5.      Delaco was served with the Short Form Complaint on May 11, 2002. Chattem was served with the Short Form Complaint on May 7, 2002. Upon information and belief, Defendant Rite-Aid of Pennsylvania ("Rite-Aid") was served with the Short Form Complaint on May 3, 2002.

6.      Pursuant to 28 U.S.C. § 1446(b), "[the] notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading."

7.      Thirty days from the initial date of service on any Defendant is June 6, 2002. As this Notice is being filed on May 24, 2002, Defendants' Notice of Removal is timely.

**CITIZENSHIP OF PARTIES**

8.  Plaintiff Marion Rose Leone alleges that she resides at 194 Log Tavern Drive, Milford, Pennsylvania (see Short Form Complaint at ¶ 1), and therefore is a citizen of the State of Pennsylvania.

9.  Defendant Delaco is a citizen of the State of Delaware because it is a corporation organized under and existing pursuant to the laws of the State of Delaware and maintains its principal place of business in Delaware.

10. Defendant Chattem is a citizen of the State of Tennessee because it is a corporation organized under and existing pursuant to the laws of the State of Tennessee and maintains its principal place of business in Tennessee.

11. Upon information and belief, Defendant Rite-Aid of Pennsylvania, Inc. ("Rite-Aid") is a citizen of the State of Pennsylvania; however, its joinder does not preclude diversity jurisdiction because it has been fraudulently joined in this action. When a defendant has been fraudulently joined, the Court should disregard its citizenship for purposes of determining whether a case is removable based on diversity of citizenship. See, e.g., Dimichelle v. Sears & Roebuck Co., No. 97-6470, 1997 WL 793589 (E.D. Pa. Dec. 5, 1997) (a copy of the unpublished cases cited herein is attached hereto as Exhibit "E"); Cook v. Pep Boys B Mannie, Moe & Jack, Inc., 641 F. Supp. 43, 46 (E.D. Pa. 1985). See also Wilson v. Republic Iron & Steel Co., 257 U.S. 92 (1921). Moreover, if a party has been fraudulently joined, then "their failure to join or consent to the removal [] does not effect the validity of removal." Dimichelle, at *3 (citing Collins v. American Red Cross, 724 F. Supp. 353, 360 n.9 (E.D. Pa. 1989)).

12. "Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against joined [in-state] defendant . . . ." Stanley v. Exxon Corp.,

824 F. Supp. 52 (E.D. Pa. 1993) (quotations omitted). If a plaintiff's claim against an in-state defendant cannot survive affirmative defenses raised by the defendant, such as statute of limitations defenses, then the in-state defendant has been fraudulently joined. See, e.g., Aserinsky v. Wyeth Lab., Inc., No. 99-20078, 1999 WL 554608 (E.D. Pa. June 29, 1999).

## PLAINTIFF'S ALLEGATIONS AND FACTUAL BACKGROUND

## CLAIMS ASSERTED BY PLAINTIFF

13. Plaintiff's Short Form Complaint asserts causes of action against Defendants for: Negligence (Count I); Breach of Implied Warranty (Count II); Breach of Express Warranty (Count III); Strict Liability (Count IV); and Punitive Damages (Count IX). See Short Form Complaint at ¶ 8.

14. Plaintiff alleges that she "was diagnosed on or about July 2, 1997 . . . as having a stroke." See Short Form Complaint at ¶ 4. Plaintiff further alleges to have "first learned that her injuries described therein were related to the ingestion of a product containing PPA on or about a time after the recall of the product on November 6, 2000." See Short Form Complaint at ¶ 4a.

## DEXATRIM'S WARNING LABEL AND THE PHYSICIAN'S DESK REFERENCE

15. Contrary to Plaintiff's allegation of having first learned of a possible relationship between her ingestion and her injuries in November 2000, several sources of information were available to Plaintiff and the general public which clearly revealed a reported possible association between PPA-containing products and stroke years prior to November 2000. For example, as early as 1994, packages of Dexatrim included a prominent warning that reports indicated PPA might be associated with stroke. The outside of every box of Dexatrim distributed for sale, in Pennsylvania, West Virginia and elsewhere, contained the following conspicuous, unambiguous language:

> "There have been reports that stroke, seizure, heart attack, arrhythmia, psychosis and death might be associated with the ingestion of phenylpropanolamine."

16. Prospective users of Dexatrim were strongly encouraged to read this warning, which was included on each package's back panel beneath the prominent label "WARNINGS." The front panel of all Dexatrim packages directed all potential users to "READ WARNINGS . . . ON BACK PANEL BEFORE USING THIS PRODUCT." Similarly, each package's end flaps (*i.e.*, the side panels of the package designed to be opened by users) also instructed consumers to read the warnings, by stating "Please be sure to read all product information on back panel."

17. Moreover, this label change was published in the Physician's Desk Reference ("PDR") and was available to the general public prior to January 1, 1995.

18. This Court may consider the information contained on the Dexatrim label and other publicly available information, such as the PDR and labeling of over-the-counter pharmaceuticals, on such a motion. In considering the issue of fraudulent joinder, "federal courts may look beyond the pleadings to determine if the joinder, although fair on its face, is a sham or fraudulent device to prevent removal." Lyall v. Airtan Airlines, Inc., 109 F. Supp. 2d 365, 368 n.8 (E.D. Pa. 2000) (quoting Smoot v. Chicago, Rock Island & Pacific R.R. Co., 378 F.2d 879, 881-82 (10th Cir. 1967)).

**RITE-AID HAS BEEN FRAUDULENTLY JOINED**

19. Plaintiff cannot establish any cause of action against Defendant Rite-Aid under the law or the facts alleged because, as a matter of settled Pennsylvania law, the statutes of limitation on all of Plaintiff's claims against Rite-Aid have expired. Thus, Rite-Aid has been fraudulently joined and the Court should not consider its citizenship in determining whether removal is proper. See Aserinsky v. Wyeth Lab., Inc., supra, 1999 WL 554608 at *2. See also

Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1320 (9th Cir. 1998) (defendants against whom the statute of limitations has expired "were sham defendants for purposes of removal"); LeBlang Motors Ltd. v. Subaru of America, Inc., 148 F.3d 680, 690 (7th Cir. 1998); Kohl v. American Home Products, 78 F. Supp. 2d 885 (W.D. Ark. 1999) (as claims against in-state pharmacy defendants were barred by the statute of limitations, such defendants were fraudulently joined).

20.     Plaintiff's claims for negligence, strict liability and punitive damages under Pennsylvania law are governed by a two-year statute of limitations. 42 Pa. C.S.A § 5524. See, e.g., Bigansky v. Thomas Jefferson Univ. Hosp., 442 Pa. Super. 69, 658 A.2d 423 (1995) (negligence claims governed by two year statute of limitations); Northampton County Area Community College v. Dow Chem., U.S.A., 389 Pa. Super. 11, 566 A.2d 591 (1989) (strict liability claims governed by two-year statute of limitations). Accordingly, as Plaintiff alleges that her injury was diagnosed on "July 2, 1997," each of these claims against Defendant Rite-Aid was time-barred no later than July 2, 1999, more than *two years before* this lawsuit was commenced in April 2002.

21.     Plaintiff's claims for breach of implied warranty and breach of express warranty under Pennsylvania law (if Pennsylvania law applies) are governed by a four-year statute limitations pursuant to 13 Pa. C.S.A § 2725. See, e.g., O'Brien v. Eli Lilly & Co., 668 F.2d 704 (3d Cir. 1981). Accordingly, each of these claims against Defendant Rite-Aid became time-barred no later than July 2, 2001.

22.     Moreover, Plaintiff has not stated a claim for Breach of Implied Warranty, Breach of Express Warranty or Punitive Damages. As Plaintiff has incorporated by reference Plaintiffs' Third Amended General Master Long-Form Complaint (see Short Form Complaint at p. 2), and these causes of action have been stricken from the General Master Long-Form Complaint,

Plaintiff has not stated a claim for Breach of Implied Warranty, Breach of Express Warranty or Punitive Damages.  (See also the order of the court in the mass tort program entered on February 5, 2002, wherein Defendants' Preliminary Objections to, *inter alia*, Counts III and IX were sustained and the counts were stricken.  A true and correct copy of the Findings and Order entered on February 5, 2002 is attached hereto as Exhibit "F.").

23. In sum, as a matter of Pennsylvania law, all of Plaintiff's claims against Defendant Rite-Aid are time-barred and, as a result, Defendant Rite-Aid has been fraudulently joined.  Rite-Aid's citizenship should be disregarded for purposes of determining diversity jurisdiction.  Complete diversity therefore exists between properly joined parties.

**AMOUNT IN CONTROVERSY**

24. Plaintiff Marion Rose Leone claims to have suffered "a stroke" (See Short Form Complaint at ¶ 4) and "serious physical injury, pain and suffering, loss of income, loss of opportunity, loss of family and social relationships, and medical, hospital and surgical expenses and other expenses related to diagnosis and treatment thereof . . . ."  (Third Amended General Master Long-Form Complaint at ¶¶ 45, 54, 60).  Plaintiff demands judgment against Defendants for "damages, both compensatory and punitive, interest, attorneys fees, costs of suit as provided by law, and such other relief as the Court may deem just and equitable."  (Third Amended General Master Long-Form Complaint, at pp. 23, 25, 28).  Thus, it is clear from a reasonable reading of Plaintiff's Complaint that Plaintiff alleges damages in excess of $75,000.  See Angus v. Shiley, Inc., 989 F.2d 142, 146 (3d Cir. 1993) (district court properly exercised removal jurisdiction after making an "independent appraisal" of the value of the claims where complaint did not limit a request for damages to a precise monetary amount).

## **REMOVAL PREREQUISITES HAVE BEEN MET**

25. This action is one over which this Court has original jurisdiction under 28 U.S.C. § 1332(a) and is one that may be removed to this Court by Defendants pursuant to 28 U.S.C. §§ 1441(a) and (b), in that it is a suit constituting a dispute between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

26. All Defendants join in this notice of removal. The Consent to Removal of Defendant Rite-Aid is attached hereto as Exhibit "G."

27. Defendants have sought no similar relief with respect to this matter.

28. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

29. Written notice of the filing of this Notice of Removal has been given to the adverse parties as required by law.

30. Concurrent with the filing of this Notice, Defendants are serving this Notice upon Plaintiff's counsel, and will promptly file a copy of the Notice with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania.

WHEREFORE, Notice is given that this action is removed from the Court of Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

Dated: May 24, 2002

_____
Alan Klein, I.D. No. 09206
Thomas E. Wallerstein, I.D. No. 85735
HANGLEY ARONCHICK SEGAL & PUDLIN
One Logan Square, 27th floor
Philadelphia, Pa. 19103-6933

*Attorneys for Defendants Chattem, Inc. and The Delaco Company, successor by merger to Thompson Medical Company, Inc.*