**LEVIN, FISHBEIN, SEDRAN & BERMAN**
**Michael M. Weinkowitz, Esquire**
**Attorney Id. No. 76033**
**510 Walnut Street, Suite 500**
**Philadelphia, PA 19104**
**(215) 592-1500 - phone**
**(215) 592-5663 - fax**
**Attorneys for Plaintiff**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | | |
|---|---|---|
| **MARION ROSE LEONE,** | : | |
| | : | |
| *Plaintiff,* | : | |
| | : | **CIVIL ACTION** |
| **vs.** | : | |
| | : | |
| **CHATTEM, INC., RITE-AID OF** | : | **NO. 02-CV-3218** |
| **PENNSYLVANIA, INC.,** | : | |
| **THOMPSON MEDICAL** | : | |
| **COMPANY, INC AND** | : | **JURY TRIAL DEMANDED** |
| **THE DELACO COMPANY,** | : | |
| | : | |
| *Defendant(s).* | : | |

---

**PLAINTIFF'S RESPONSE TO DEFENDANTS'**
**MOTION FOR TEMPORARY STAY OF PROCEEDINGS**
**PENDING A FINAL RULING OF THE JUDICIAL PANEL**
**ON MULTI-DISTRICT LITIGATION OF THIS CASE TO MDL-1407**
**& CROSS-MOTION FOR IMMEDIATE HEARING ON MOTION TO REMAND**

---

**AND NOW COMES**, Plaintiff, Marion Rose Leone, by and through her undersigned

attorneys, files this Response to the *Motion for Temporary Stay of Proceedings Pending a Final*

*Ruling of the Judicial Panel on Multidistrict Litigation of this Case to MDL-1407* ("*Motion to Stay*")

filed by defendants, Chattem, Inc. and The Delaco Company, successor by merger to the Thompson

Medical Company, Inc. ("collectively "Defendants").  Plaintiff likewise files her *Cross-Motion for Immediate Hearing on Motion to Remand pursuant to Rule 6(d) of the Federal Rules of Civil Procedure.*

Defendants have filed their *Motion to Stay*, attempting to take what is a legitimate state court claim and circumvent Federal Law by asking the Court to refuse to hear Plaintiff's *Motion for Remand*.  In attempting to stay these proceedings, the defendants are simply seeking to have this legitimate state court case transferred to the MDL by a strategy of delay. Plaintiff respectfully requests that this Honorable Court not stay the proceedings as requested by defendants and promptly hear plaintiff's *Motion for Remand* filed on June 6, 2002.

The specific grounds for plaintiff's opposition to the requested stay and for her Cross-Motion, are as follows:

1.       Plaintiff opposed defendants' *Notice of Removal* by filing a *Motion for Remand*.

2.        In the interest of judicial economy, Plaintiff attaches hereto as **Exhibit "1"** defendants' *Notice of Removal* (without Exhibits) and as **Exhibit "2"** Plaintiff's *Motion for Remand* (without Exhibits).  Both demonstrate that the primary issue before the Court is one of Pennsylvania state law, specifically whether the applicable statute of limitations has been tolled under Pennsylvania's "discovery rule."

3.       Defendants contend that Plaintiff has fraudulently joined defendant Rite-Aid, a retail seller of the over-the-counter product, Dexatrim, which contained PPA, a product removed from the market by the Food and Drug Administration ("FDA") on November 6, 2000 (Exhibit "1").   In her *Motion for Remand*, Plaintiff argues that defendants are incorrect when they contend that Plaintiff will not be able to establish any cause of action against Rite-Aid, a Pennsylvania Corporation, in

state court, because all of Plaintiff's claims against Rite-Aid are barred by the applicable statute of limitations (Exhibit "2").   Plaintiff did not discover, nor could she have discovered, that her stroke was caused by the ingestion of PPA until November 6, 2000, the date of the FDA recall.   Thus, Plaintiff's statute of limitations was tolled until that date.   She timely filed within two years of the recall, on April 30, 2002, which was seven (7) months before November 6, 2002 and two (2) years and seven (7) months before November 6, 2004, four years  post-recall. Alternatively, even if Defendants were to argue that Plaintiff should have discovered that her stroke was caused by the ingestion of PPA upon publication of the Yale Study's Final Report, on May 10, 2000, plaintiff filed her Complaint before May 10, 2002 and May 10, 2004.   Since the discovery rule tolls the statute of limitations in this case, Plaintiffs' claims are not time-barred because they were not filed on or before July 2, 1999 or on July 2, 2001, as defendants allege.   Thus, Plaintiff argues, that she has a colorable claim against Rite-Aid, who was not fraudulently joined.

## II.    LEGAL ARGUMENT

### A.    The Court Has Discretion to Decide Whether to Stay the Proceedings

4.    The pendency of a transfer order does not in any way defeat or limit the authority of this Honorable Court to rule upon matters properly presented to it for decision. In re Air Crash at Paris, France, 376 F.Supp. 887 (JPML 1974). The decision whether to stay proceeding is discretionary, and the existence of discretion is guided by the policies of justice and efficiency. Id.; Gold v. Johns Mansville Sales Corp., 723 F.2d 1068, 1077 (3rd Cir. 1983)(citing Landis v. North American Co., 299 U.S. 248, 245-55 (1936)); See also H.R.Rep. No. 1130, 90th Cong., 2d Sess.,

*reprinted in* 1968 U.S.Code Cong. & Admin. News 1898, 1900 ("It is expected that such transfer is to be ordered only where significant economy and efficiency in judicial administration may be obtained."). The discretionary power is "incidental to the power inherent every court to manage the schedule of cases on its docket to ensure fair and efficient adjudication." Gold, 723 F.2d at 1077.

> **B.    This Honorable Court Should Exercise its Discretion and Deny The Stay Because A Federal Court in Pennsylvania Can Best Decide Issues of Pennsylvania Law Concerning The Viability of State Law Claims**

5.    As set forth in paragraphs 2 and 3 above, Defendants' *Notice of Removal* and Plaintiff's *Motion of Remand* raise only issues of state law to be decided. This Honorable Court should exercise its discretion and deny the stay because it is best suited to decide issues the issues of Pennsylvania law concerning the viability of Plaintiff's state law claims. By exercising its discretion to deny the stay for this reason, this Court would be advancing the fair and efficient adjudication of this matter.

> **C.    Plaintiff Will Be Prejudiced By Undue Delay**

6.    Plaintiff will timely oppose the transfer to the Panel, however, this will serve to delay the hearing of her *Motion for Remand*. Furthermore, that Judge Rothstein has already began ruling on remand motions is meaningless. For example, in Deul v. Ethex Corporation, No. C01-1879, attached to defendants' *Motion for Remand* as Exhibit "R," reveals that the *Motion for Remand* was not ruled on until January 30, 2002, almost eleven (11) months after February 11, 2001, when the Plaintiff filed her complaint in Nevada state court. There is no telling how long it will take Judge Rothstein to consider Plaintiff's *Motion to Stay*, as surely her plate is full as the MDL Judge.

Page 4

According to what Defendants have presented to this Court, the last time that Judge Rothstein ruled on a *Motion for Remand* was February 26, 2002, almost six (6) months ago (Defendants' Exhibits "S" and "T"). The MDL litigation has proceeded much in six (6) months and surely Judge Rothstein has much more on her plate than she did back in January and February, 2002. Thus, Plaintiff's *Motion to Remand* will be seriously delayed and therefore the Court should deny Defendants' *Motion to Stay*.

> **D.    Plaintiff Will Be Prejudiced By Being Forced to Incur Unnecessary Expenses In Litigating This Matter Thousands of Miles From Her Home State Before A Court Which Is Not Nearly As Familiar With The <u>Applicable State Law</u>**

_____7.    The Court should consider the financial burden on Plaintiff in deciding whether to exercise its discretion. If Plaintiff is forced to litigate across country she will incur unnecessary expenses and will thus be prejudiced.

III.    <u>**CONCLUSION**</u>

        **WHEREFORE**, Plaintiff respectfully requests that Defendants' motion  be denied and this case not be stayed. Furthermore,  Plaintiff moves the Court pursuant to Rule 6(d) of the Federal Rules of Civil Procedure for an immediate hearing on her *Motion to Remand* filed on or about June 6, 2002.

        Respectfully submitted,

        **LEVIN, FISHBEIN, SEDRAN & BERMAN**

        _____

        MICHAEL M. WEINKOWITZ, ESQUIRE
        510 Walnut Street, Suite 500
        Philadelphia, PA  19106
        (215) 592-1500
        Attorneys for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I, Michael M. Weinkowitz, Esquire, do hereby certify that on _____, 2002, I served a true and correct copy of the foregoing *Plaintiff's Response to Defendants Chattem, Inc. and the Delaco Company, successor by merger to Thompson Medical Company, Inc., Motion for Temporary Stay of Proceedings Pending a Final Ruling of the Judicial Panel on Multidistrict Litigation of this Case to MDL-1407 and Cross-Motion*, by first-class mail upon the following:

Gordon B. Simmons, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
1845 Walnut Street
Philadelphia, PA 19103

*Attorneys for Defendant Rite Aid of Pennsylvania, Inc.*

Alan Klein, Esquire
Thomas E. Wallerstein, Esquire
Hangley Aronchick Segal & Pudlin
One Logan Square, 27th Floor
Philadelphia, PA 19103

*Attorneys for Defendants Chattem, Inc. and the Delaco Company, as successor by merger to Thompson Medical Company Inc.*

**LEVIN, FISHBEIN, SEDRAN & BERMAN**

_____
MICHAEL M. WEINKOWITZ, ESQUIRE
510 Walnut Street, Suite 500
Philadelphia, PA  19106
(215) 592-1500
Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| _____ | : | |
| **MARION ROSE LEONE,** | : | |
| | : | |
| *Plaintiff,* | : | |
| | : | **CIVIL ACTION** |
| **vs.** | : | |
| | : | |
| **CHATTEM, INC., RITE-AID OF** | : | **NO. 02-CV-3218** |
| **PENNSYLVANIA, INC.,** | : | |
| **THOMPSON MEDICAL** | : | |
| **COMPANY, INC AND** | : | **JURY TRIAL DEMANDED** |
| **THE DELACO COMPANY,** | : | |
| | : | |
| *Defendant(s).* | : | |
| _____ | : | |

## ORDER

**AND NOW**, this _____ day of _____, 2002, upon consideration of the Defendants Chattem, Inc. and the Delaco Company, successor by merger to Thompson Medical Company, Inc., *Motion for Temporary Stay of Proceedings Pending a Final Ruling of the Judicial Panel on Multidistrict Litigation of this Case to MDL-1407,* and Plaintiff's response thereto and *Cross-Motion for Immediate Hearing on Motion to Remand pursuant to Rule 6(d) of the Federal Rules of Civil Procedure,*

**IT IS HEREBY ORDERED**, that Defendants' Motion is **DENIED**, and this action is **NOT STAYED**, and this Court will promptly hear Plaintiff's *Motion for Remand*.

**SO ORDERED:**

_____

U.S.D.J.